# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

|                              |                            |
|------------------------------|----------------------------|
| **BULLSEYE GLASS CO.**,      | Case No. 3:17-cv-1970-JR   |
| Plaintiff,                   | **ORDER**                  |
| v.                           |                            |
| **GOVERNOR KATE BROWN**, *et al.*, |                      |
| Defendants.                  |                            |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on June 26, 2019. ECF 66. Magistrate Judge Russo recommended that Plaintiff's Motion for Leave to File Amended Complaint (ECF 57) be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 68), to which Defendants responded. ECF 69. Plaintiff objects to the portion of Magistrate Judge Russo's recommendation finding that Plaintiff's proposed amended complaint does not cure the deficiencies noted in this Court's January 2, 2019 Order. Plaintiff argues that its proposed amendment does contain specific allegations of fact that plausibly support its characterization of intentional, deliberate, or knowing falsehoods on the part of Defendants that could be sufficient to establish a substantive due process claim.

## STANDARDS

The Ninth Circuit has recognized that under Rule 15(a), "leave to amend shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But a complaint, or a proposed amended complaint, must still contain factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## DISCUSSION

The Court does not adopt the portion of the recommendation finding that even if Defendants "falsely manufacture[d] a [public health] crisis," ECF 66 at 10, Plaintiff's proposed amendment should not be allowed because Plaintiff has not pleaded specific facts explaining the Defendants' motivation for targeting Plaintiff as part of that manufactured crisis. The Court agrees with Plaintiff that in certain circumstances, facts suggesting knowingly false justifications can support a claim for a substantive due process violation without a need to show the motivation behind the misconduct.

But the Court agrees with the Magistrate Judge's overall conclusion, because Plaintiff has not pleaded additional factual content that plausibly shows that Defendants falsely manufactured a public health crisis. Nor has Plaintiff otherwise pleaded facts that plausibly suggest that Defendants engaged in intentional, deliberate, or knowing falsehoods. Plaintiff argues that the Magistrate Judge did not consider the fact that Defendants formally established an "Incident Management Team" that shared decision-making authority, and therefore that the actions of Defendants were "deliberate and concerted wrongful action." While the creation of such a team may plausibly show concerted action, it does not plausibly show wrongful action.

Plaintiff has also pleaded facts that plausibly suggest that Defendants knew that there were problems with the reliability of the DEQ air monitoring of Bullseye. But Plaintiff has not pleaded facts that plausibly show that this air monitoring, nor the other data at issue in this case, was a "pretextual" rationale for agency action that was sufficient to support an inference of "arbitrary or even malicious conduct." *Lockary v. Kayfetz*, 917 F.2d 1150, 1155-56 (9th Cir. 1990).

Plaintiff has attempted to state a claim for a substantive due process violation based on abusive executive action. The Supreme Court has emphasized "that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,'" in such cases. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Collins v. Harker Heights, Tex.*, 503 U.S. 115, 129 (1992). The "cognizable level of executive abuse of power [is] that which shocks the conscience." *Id.* Plaintiff's proposed amended complaint does not state a facially plausible claim for a substantive due process violation, because it does not plead "factual content that allows the court to draw the reasonable inference" that Defendants are liable for such a substantive due process violation. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Findings & Recommendation (ECF 66) consistent with this Order. Plaintiff's Motion for Leave to File Amended Complaint (ECF 57) is DENIED.

**IT IS SO ORDERED.**

DATED this 9th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge